UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALBERTO MARQUEZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Criminal Case No. 08-cr-2019<br>Civil Case No.: 15-cv-2221<br><br>**ORDER:**<br>**(1) LIFTING STAY;**<br><br>**(2) DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255;**<br><br>**(3) DENYING EVIDENTIARY HEARING; and**<br><br>**(4) DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner, proceeding *pro se*, has filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by person in federal custody. The Government filed a response in opposition. For the reasons outlined below, the Court **DENIES** Petitioner's Motion.

//

1

## I. BACKGROUND

On January 29, 2007, Petitioner Jose Alberto (aka "Bat") Marquez was extradited to the United States from Mexico on federal charges unrelated to the current case. While in custody on these other charges, Petitioner orchestrated a methamphetamine transaction from his jail cell. The transaction involved his co-defendants, Maria Madriaga and Julia Morones, and a confidential informant. At Petitioner's direction, Morones picked up six ounces of methamphetamine from Madriaga at her home, then delivered it to the confidential informant at his apartment on April 17, 2007. The informant's apartment was wired for both audio and video recording.

Petitioner was charged by Indictment on June 17, 2008, with one count of conspiracy to distribute methamphetamine under 21 U.S.C. §§ 841(a)(1) and 846, one count of possession of methamphetamine with intent to distribute under 21 U.S.C. §841(a)(1) and aiding and abetting under 18 U.S.C. § 2. On July 22, 2008, the Government filed an Information and Notice seeking an enhanced mandatory penalty of life imprisonment without release under 21 U.S.C. §§841, 846 and 851, because Petitioner had two or more prior convictions for a felony drug offense that had become final. [ECF NO. 29.]

A jury trial commenced on March 8, 2011. During trial, the Government played a video recording of the drug transaction for the jury. The jury also heard Petitioner discussing the transaction on recorded phone calls from his jail cell. A chemist testified that the weight of the methamphetamine in the deal exceeded 50 grams of actual methamphetamine.

On March 11, 2011, the jury found Petitioner guilty on both counts. [ECF NO. 141.] On November 4, 2011, this Court sentenced Petitioner to a life sentence on each count to be served concurrently. [ECF NO. 170.] Petitioner appealed his conviction to the Ninth Circuit on November 7, 2011 and on August 5, 2014 the appellate court affirmed his conviction. *United States v. Marquez*, case no. 11-50479 (9th Cir. Jul 11, 2014). The Supreme Court subsequently denied certiorari.

After Petitioner filed this section 2255 Petition, he filed a request to stay the proceedings claiming he was unable to conduct research because he was confined to the Special Housing Unit. [ECF NO. 271.] The Government did not oppose Petitioner's request, and the Court granted the stay with direction to Petitioner to provide a status report no later than April 30, 2018. (Order [ECF NO. 275.]) Petitioner has not filed a status report.

## II. DISCUSSION

As a preliminary matter, the Court **LIFTS** the stay previously imposed, finding that Petitioner did not file a status report as directed and any further delay in the disposition of this matter would thwart Congress' intent in the Antiterrorism and Effective Death Penalty Act ("AEDPA") "to eliminate delays in the federal habeas review process." *Gonzalez v. Thaler*, 565 U.S. 134, 144 (2012).

### A. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner raises multiple claims that his trial and appellate counsel made errors so serious that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment.

To establish ineffective assistance of counsel, a petitioner must prove by a preponderance of the evidence that: (1) the assistance provided by counsel fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To satisfy the deficiency prong of the *Strickland* test, the Petitioner must show that his counsel's performance "fell below an objective standard of reasonableness" and was not "within the range of competence demanded of attorneys in criminal cases." *Id*. at 687 (quoting in part *McMahan v. Richardson*, 397 U.S. 759, 771 (1970). In considering this issue, there is a "strong presumption that counsel's conduct falls within a wide range of professional assistance." *Strickland*, 466 U.S. at 689. Moreover, courts typically find that *post hoc* complaints about the strategy or tactics that defense counsel employed are insufficient to satisfy the first prong of *Strickland*. *See, e.g., United States v. Simmons*, 923 F.2d 934, 956 (2d. Cir. 1991) (holding that appellant's

3

displeasure with strategy employed by trial counsel was insufficient to establish ineffectiveness). Counsel's poor tactical decisions only amount to ineffective assistance when the defendant can produce enough evidence to "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Petitioner first claims that counsel should have objected to the Government's filing of an "Information" which sought to enhance his sentence based on his prior convictions, arguing that the prior convictions should have been presented to the Grand Jury and included in the indictment as elements of the offense. (Mot. 4) Second, Petitioner contends his 1980 conviction under California Health and Safety Code 11352 did not qualify as a "felony drug offense" for enhancement purposes because it did not match the definition of a federal drug offense under the modified categorical approach. (Mot. 22 [ECF NO 245-1].) Finally, Petitioner argues that trial counsel should have objected to the introduction of his 1980 and 1989 convictions because they were stale under U.SS.G. 4A1.2(e)(1), (2) and (3). (*Id*. 15).

In response, the Government argues that Petitioner's claims lack merit, and therefore he cannot demonstrate that his trial or appellate counsel were ineffective because counsel's performance cannot be deficient for failing to raise meritless arguments. (Oppo. 7). Additionally, the Government contends that Petitioner is precluded from re-litigating challenges to the use of his prior convictions in a section 2255 motion which he already raised on appeal. (*Id*. at 15).

A. *Prior convictions*

Under 21 U.S.C. §851, a defendant may be sentenced to increased punishment if he has two or more prior convictions and the Government files an Information outlining the previous convictions upon which it intends to rely to increase the sentence. 21 U.S.C. §851. Here, the Government filed an Information under section 851 informing the Court and Defendant that it would seek enhanced penalties for Petitioner's 1980 conviction under California Health and Safety Code Section 11352 for selling heroin, and his 1989

4

conviction under California Health and Safety Code Section 11378 for possession of methamphetamine for sale. (Information at 1-2 [ECF NO. 29.])

Petitioner contends that section 851 runs afoul of the protections provided by the Grand Jury clause of the 5th Amendment which states that "no person shall be held to answer for a capital or infamous crime, unless on a presentment or indictment of a grand jury," because it allows an indictment to be amended and broadened to add additional facts which increase punishment without presentment. (Mem. P&A at 1). In support of his argument Petitioner looks to cases in which sentencing enhancements were found to be elements of the charged offenses, citing *Jones v. United States*, 526 U.S. 227 (1999) and *Burrage v. United States*, 571 U.S. 204 (2014). He seeks further support in the *Apprendi v. New Jersey*, 530 U.S. 466 (2000) line of cases which held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (Mot. 8; Mem. P& A 20.) While Petitioner acknowledges that under the reasoning in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), sentencing factors do not need to be submitted to a jury for sentence enhancement purposes, he argues that such cases were decided under the Due Process Clause rather than the Grand Jury Clause, and therefore they are inapplicable to this case. (Mem. P& A 16).

Although novel, Petitioner's argument is not persuasive. Petitioner has not cited to any authority suggesting that the inclusion of prior convictions via Information violates the Grand Jury clause of the Constitution. Moreover, Petitioner's argument that the addition of his prior convictions via Information is similar to the enhancements in *Jones* and *Burrage*, is unconvincing. (Mem. P&A at 4). In *Jones*, the Supreme Court analyzed a carjacking statute which contained three subsections identifying enhanced penalties if the offense resulted in bodily injury or death. 526 U.S. at 230. The Court held that these subsections set forth additional elements of the offense, not mere sentencing considerations, because the jury had to make a finding that the conduct caused injury or death to impose the increased penalty. *Id*. In a case of similar statutory construction, the

5

Supreme Court in *Burrage* held that a sentence enhancement contained in the Controlled Substances Act was an element that must be submitted to the jury and found beyond a reasonable doubt for similar reasons. 571 U.S. at 210. The defendant was charged under 21 U.S.C. § 841(b)(1)(C) with heroin distribution that caused death, but it was ultimately determined that the victim may have died without the heroin provided by defendant. The Court held that the so called "death result" enhancement, or "but for" causation, was an element that the jury must find beyond a reasonable doubt to enhance defendant's penalty. *Id*. at 216.

In contrast, Petitioner's prior felony drug convictions did not require additional fact-finding to determine whether each element of the charged crime had been proven in order to warrant an enhancement because they were verified via superior court records. Similarly, Petitioner's prior convictions are not like the so called "death result" enhancement at issue in *Burrage* because there is no statutory enhancement attached to the charged conduct in this case which required the jury to determine Petitioner's guilt of the prior convictions to find him guilty of possession of methamphetamine with intent to distribute. Instead, Petitioner pled guilty to the prior charges, and the convictions were independently established via court documents.

Furthermore, *Apprendi* and its brethren do not provide support for Petitioner's claim. As he himself acknowledges, an indictment "need not set forth factors relevant only to the sentencing of an offender found guilty of the charged crime." *Almendarez-Torres*, 523 U.S. at 224. The Supreme Court continued to recognize the narrow exception carved for prior convictions even as it expanded *Apprendi* by holding that any fact that increases the mandatory minimum sentence is an element of the offense, not a sentencing factor, that must be submitted to the jury. *Alleyne v. United States*, 570 U.S. 99 n. 1 ("In *Almendarez–Torres*, 523 U.S. at 224, we recognized a narrow exception to this general rule for the fact of a prior conviction… and do not revisit it for purposes of our decision today.")

6

Petitioner claims that *Almendarez-Torres* is not binding because it was decided based on the Due Process clause and not the Grand Jury clause. While it is true that the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment form the foundation of the Court's finding in *Almendarez-Torres* and the *Apprendi* line of cases, prior convictions do not raise questions about the Grand Jury clause because a defendant's prior convictions are established during proceedings that have their own substantial procedural safeguards. *See Apprendi*, 530 U.S. at 488. As a result, the due process protections guarded by the Grand Jury clause are not subverted by the use of prior convictions to enhance a sentence. Just as in *Almendarez-Torres* Petitioner pled guilty to the prior convictions, ensuring procedural safeguards were met.

For the foregoing reasons, neither trial nor appellate counsel rendered deficient performance for not challenging the introduction and use of Petitioner's prior convictions by Information because the arguments are meritless. *Gonzalez v. Knowles*, 515 F.3d 1006, 1016 (9th Cir. 2008) ("counsel cannot be deemed ineffective for failing to raise [a] meritless claim"). Accordingly, Petitioner's claim is **DENIED**.

### B. California Health and Safety Code § 11352 Conviction

Petitioner claims that his July 1980 conviction for distribution of heroin under California Health and Safety Code section 11352 did not qualify as a sentence enhancing "felony drug offense" as defined under 21 U.S.C. §841(b) and the *Taylor/Descamps* analytical framework, therefore appellate counsel provided deficient performance when he failed to challenge the Court's use of this prior conviction to enhance Petitioner's sentence. (Mot. at 22-24).

In response, the Government contends that there is no merit to Petitioner's claim because the categorical approach as defined under the *Taylor/Descamps* rubric is inapplicable and instead the prior conviction qualified as a "felony drug offense" under 21 U.S.C. 802(44). (Oppo. at 12-13 ). Therefore, the Government argues that there is no basis to challenge appellate counsel's performance and the claim must fail. (*Id.*)

The Court agrees. First, the Court notes that Petitioner was sentenced in 2011, before the Supreme Court outlined the "modified categorical approach" that Petitioner claims the Court should have applied to determine whether his prior convictions qualified as felony drug offenses for sentencing enhancement purposes. Instead, the Court properly determined that Petitioner's prior convictions qualified as felony drug offenses under section 802(44) which specifies that: "The term 'felony drug offense' means an offense that is punishable by imprisonment for more than one year ... that prohibits or restricts conduct relating to narcotic drugs...." 21 U.S.C. § 802(44). Petitioner spent sixteen months in state prison for his conviction under section 11352(a) for sale of methamphetamine, a narcotic drug, in San Diego Superior Court case number CRS51052, therefore the Court found that he satisfied both elements of section 802(44). (Tran. Sent. Hearing at 27 [ECF NO. 182]; PSR at 8).

Even if the Court had been required to use the "modified categorical approach" Petitioner's prior conviction under section 11352 would have qualified as a felony drug offense warranting a sentence enhancement. Under the "categorical approach" a court must verify that a prior conviction qualifies as a sentence enhancing predicate offense by comparing the elements of the statute that forms the basis of the defendant's conviction with the elements of the offense as commonly understood, or the federal "generic" crime. *Descamps v. United States*, 570 U.S. 254, 257 (2013). If the prior conviction's elements are the same as, or more narrow than, the elements of the federal generic offense, it will qualify as a predicate offense under the method known as the "categorical approach." *Id.*

In contrast, where a statute sets out one or more elements of the offense in the alternative i.e. stating that burglary involves entry into a building *or* automobile, it is considered "divisible" and a court may employ the "modified categorical approach." *Taylor v. United States*, 495 U.S. 575 (1990). Under that method, a court may review the charging documents, jury instructions, plea agreement, plea colloquy, and similar sources to determine the actual crime of which the defendant was convicted before comparing it to the federal generic crime. *Id.*

8

Here, section 11352 provides that "every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport . . . any controlled substance [as defined elsewhere] shall be punished by imprisonment…" West's Ann. Cal.Health & Safety Code §11352. In comparison, federal law dictates that "[t]he term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." *Id*. 4B1.2(b).

Section 11352(a) is considered a "divisible" statute because it includes a list of controlled substances, therefore, a sentencing court may look to underlying documents to determine whether the prior conviction met the elements of a "felony drug offense" for purposes of sentence enhancement *United States v. Huitron-Rocha*, 771 F.3d 1183, 1184 (9th Cir. 2014). Here, the Court looks to the pre-sentence report ("PSR") to determine the exact nature of the prior conviction. The PSR stated that Petitioner pled guilty to sale of heroin, a controlled substance, and served sixteen months in state prison pursuant to California Health and Safety code section 11352(a). (PSR at 8 [ECF NO. 152.]) This conviction falls squarely within the definition of a "felony drug offense" under the modified categorical approach because it was a term of imprisonment of over a year for a narcotic related crime. The conviction was properly used to enhance his sentence and appellate counsel did not render deficient performance for failing to raise the issue on appeal as it was meritless. *Gonzalez*, 515 F.3d at 1016.

C. *Staleness of prior convictions*

Although trial counsel argued at sentencing that the prior convictions were too old to qualify as enhancements under *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1055 (9th Cir. 2009), Petitioner contends that his attorney should have also argued that the

conviction was stale under U.S.S.G. §4A1.2(e) which prohibits the use of any conviction that occurred more than fifteen years before the current offense. (Mem. P&A 14)

In response, the Government argues that section 4A1.2 is inapplicable because Petitioner was sentenced under 21 U.S.C. 841(b) which requires only that the court verify that the prior convictions were felonies and were drug offenses. (Oppo. at 16). The Court complied with section 841(b), therefore, Petitioner cannot successfully argue that his trial counsel was ineffective for not raising a meritless issue and his claim must be denied. (*Id*. 16-17).

Under section 4A1.2, a court may consider a defendant's prior criminal convictions when computing the defendant's criminal history points for sentencing purposes only if the prior sentence "was imposed within fifteen years of the defendant's commencement of the instant offense." U.S.S.G. §4A1.2. Here, the PSR calculated Petitioner's criminal history score using section 4A1.2 but assigned no points for his prior convictions from 1978, 1979, 1980 and 1982 because they were too remote in time under 4A1.2(e)(3). The Court followed the PSR and did not include the prior convictions in Petitioner's criminal history score. Accordingly, any argument that his convictions were too stale under section 4A1.2 to count toward criminal history points would have been moot, and counsel did not render deficient performance for failing to raise this meritless claim. *Gonzalez*, 515 F.3d at 1016.

### III. EVIDENTIARY HEARING

Under section 2255, a petitioner is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.A. § 2255(b). A petitioner does not need to "detail his evidence, but must only make specific factual allegations which, if true, would entitle him to relief." *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982). If the allegations concern facts which can be "conclusively decided on the basis of documentary testimony and evidence in the record" the Court is not required to hold a hearing. *Watts v. United States,* 841 F.2d 275, 277 (9th Cir. 1988). It follows that if the claims concern only legal

10

Criminal Case No. 08-cr-2019
Civil Case No.: 15-cv-2221

issues, an evidentiary hearing is not required. *Bryan v. United States*, 721 F.2d 572, 577 (9th Cir. 1983).

The claims in the current Motion do not raise factual allegations, but instead, they challenge the performance of trial and appellate counsel for failing to make certain legal arguments. As a result, an evidentiary hearing is not required. *Watts,* 841 F.2d at 277.

## IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability is authorized "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, Petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner does not have to show "that he should prevail on the merits. He has already failed in that endeavor." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (internal quotation omitted).

Having reviewed the matter, the Court finds that Petitioner has not made a substantial showing that he was denied a constitutional right and the Court is not persuaded that jurists could disagree with the Court's resolution of his claims or that the issues presented deserve encouragement to proceed further. Accordingly, a certificate of appealability is **DENIED**.

## V. CONCLUSION

For the foregoing reasons, the stay formerly imposed is **LIFTED**, Petitioner's Motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence is **DENIED,** and a Certificate of Appealability is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 16, 2018

Hon. M. James Lorenz
United States District Judge